# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF WILLIAM A. KENNEDY, BAR NO. 9365.

No. 71326

FILED

FEB 24 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF SUSPENSION

This is an automatic review under SCR 105(3)(b) of a Southern Nevada Disciplinary Board hearing panel's recommendation that attorney William A. Kennedy be suspended from the practice of law in Nevada for one year based on violations of RPC 1.3 (diligence), RPC 1.4 (communication), RPC 1.16 (declining or terminating representation), RPC 8.1(b) (bar admissions and disciplinary matters), and RPC 8.4(d) (misconduct prejudicial to the administration of justice). Because no briefs have been filed, this matter stands submitted for decision based on the record. SCR 105(3)(b).

The State Bar has the burden of showing by clear and convincing evidence that Kennedy committed the violations charged. *In re Discipline of Drakulich*, 111 Nev. 1556, 1566, 908 P.2d 709, 715 (1995). Here, however, the facts and charges alleged in the complaint are deemed admitted because Kennedy failed to answer the complaint and a default was entered.[1] SCR 105(2). The record therefore establishes that Kennedy

---

[1]The record shows that the State Bar sent the complaint, notice of intent to default, notice of formal hearing, and notice of default hearing to Kennedy by regular and certified mail. Many of the documents were also

*continued on next page . . .*

17-06559

knowingly violated RPC 1.3, RPC 1.4, and RPC 1.16 by failing to communicate with his client or terminate his representation of the client after the client rejected a settlement offer favored by Kennedy and failing to respond to a motion for summary judgment and thereby depriving his client of the opportunity to defend against the motion, resulting in the motion being granted. The record further establishes that Kennedy knowingly violated RPC 8.1(b) by failing to cooperate in the disciplinary investigation, particularly after he indicated that he was preparing a response and needed an additional 30 days to do so. And finally, based on those violations and evidence that Kennedy did not update his contact information with the State Bar as required by SCR 79, the record establishes that Kennedy knowingly violated RPC 8.4(d).

Turning to the appropriate discipline, we review the hearing panel's recommendation de novo. SCR 105(3)(b). Although we therefore "must . . . exercise independent judgment," the panel's recommendation is persuasive. *In re Discipline of Schaefer*, 117 Nev. 496, 515, 25 P.3d 191, 204 (2001). In determining the appropriate discipline, we weigh four factors: "the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors." *In re Discipline of Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008).

---

*. . . continued*
sent by email. The State Bar also contacted Kennedy at his SCR 79 phone number, which still had an outgoing message for his law practice, but received no response.

Kennedy violated duties owed to his client (diligence, communication, and declining or terminating representation) and to the profession (failing to respond to lawful request for information from a disciplinary authority). The record supports the hearing panel's finding that Kennedy knowingly violated the rules of professional conduct. Kennedy's misconduct harmed his client by not keeping her informed as to the status of her case and not diligently defending her such that she lost the opportunity to oppose a summary judgment motion and a judgment was entered against her. Kennedy's failure to cooperate in the disciplinary investigation harmed the integrity of the profession, which depends on a self-regulating disciplinary system. The record supports two aggravating circumstances (pattern of misconduct and refusal to acknowledge the wrongful nature of his conduct) and one mitigating circumstance (absence of prior disciplinary record). *See* SCR 102.5. Considering all of these factors, we agree that a suspension is warranted, *see* Standards for Imposing Lawyer Sanctions, *Compendium of Professional Responsibility Rules and Standards*, Standards 4.42 and 7.2 (Am. Bar. Ass'n 2015); *see also* Annotated Standards for Imposing Lawyer Sanctions 360-61 (Am. Bar. Ass'n 2015), and that the recommended suspension of one year is sufficient to serve the purpose of attorney discipline to protect the public, the courts, and the legal profession, *see State Bar of Nev. v. Claiborne,* 104 Nev. 115, 213, 756 P.2d 464, 527-28 (1988).

Accordingly, we hereby suspend attorney William Kennedy from the practice of law in Nevada for a period of one year commencing from the date of this order. Kennedy shall also pay the costs of the disciplinary proceedings in the amount of $2,500, plus the court reporter

and transcript fees as invoiced by the State Bar, within 30 days from the date of this order. *See* SCR 120(1). The parties shall comply with SCR 115 and SCR 121.1.

It is so ORDERED.

_____, C.J.
Cherry

_____, J.          _____, J.
Douglas                        Gibbons

_____, J.          _____, J.
Pickering                      Hardesty

_____, J.          _____, J.
Parraguirre                    Stiglich

cc:    Chair, Southern Nevada Disciplinary Board
       Law Office of William A. Kennedy, Esq.
       C. Stanley Hunterton, Bar Counsel, State Bar of Nevada
       Kimberly K. Farmer, Executive Director, State Bar of Nevada
       Perry Thompson, Admissions Office, U.S. Supreme Court